# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS HERRERA SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | **Case No. 1:15-cv-00510-EPG**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(ECF No. 28) |

## I. INTRODUCTION

Plaintiff Jose Luis Herrera Sanchez filed a complaint challenging the denial of his application for supplemental security income benefits on April 1, 2015. (ECF No. 1.) On November 2, 2016, this Court[1] issued an order reversing the ALJ's decision and remanded the case for further proceedings. (ECF No. 26.) The Court entered judgment in Plaintiff's favor. (ECF No. 27.)

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") in the amount of $6,946.85, and $7.85 in costs.[2] (ECF No. 28.)

---

[1] The Honorable Sandra M. Snyder presided at that time and issued the order reversing and remanding Agency's denial of benefits.

[2] This amount is for a total of 36.25 hours of work and includes fees for filing the instant motion, as well as the reply. (ECF No. 35, pg. 8).

1

Defendant opposes the motion and contends the attorney fees request should be denied because the Commissioner's position was substantially justified. Alternatively, Defendant argues that the amount of fees should be reduced by $2,606.84 because the number of hours expended by Plaintiff was unreasonable. Based on the pleadings and attachments submitted by the parties, the Court GRANTS Plaintiff's motion. Plaintiff shall be awarded fees in the amount of $6,946.85 and $7.85 in costs.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and expenses:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

When a claimant wins a remand based on an incorrect decision by the Commissioner, attorney fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified.").

### B. Analysis

In the underlying litigation, Plaintiff challenged the ALJ's decision by arguing that the ALJ: (1) failed to reconcile conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles; (2) found Plaintiff not credible; and, (3) failed to consider all of Plaintiff's impairments when formulating Plaintiff's residual functional capacity. On the appeal of the ALJ's decision, the Court found that the ALJ did not commit error in finding Plaintiff not credible. The ALJ did err, however, in failing to explain the discrepancy between

the vocational expert's testimony and the Dictionary of Occupational Titles. To the extent that the ALJ's failure to account for all of Plaintiff's impairments contributed to this discrepancy, the ALJ was also mistaken in creating Plaintiff's residual functional capacity.[3] The Court remanded the case to the Social Security Administration for further consideration and entered judgment in favor of Plaintiff.

Plaintiff argues that he is the prevailing party in this litigation and is entitled to attorney's fees. Moreover, the request for $6,954.70 is reasonable because it represents payment for the number of hours actually expended on this case.

Defendant argues that the request should be denied because Defendant's position was substantially justified. Put simply, Plaintiff originally sought remand based on three issues and the Court found in Defendant's favor on at least one of those issues. Thus, Defendant argues, there was a genuine dispute as to whether remand was warranted.

Alternatively, Defendant argues that Plaintiff spent an unreasonable number of hours on this case. Specifically, Defendant contends that Plaintiff's counsel should not be compensated for 13.7 hours of time spent researching and drafting Plaintiff's opening brief because it is largely duplicative of Plaintiff's confidential letter brief.[4] Defendant also argues that the Court should order any fees awarded be paid to Plaintiff, rather than his attorney, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

### 1. *The Commissioner's position was not substantially justified.*

"It is the government's burden to show that its position was substantially justified." *Meier*, 727 F. 3d at 870, *citing Guitierrez v. Barnhardt*, 274 F. 3d 1255, 1258 (9th Cir. 2001). "Substantial justification means 'justified in substance or in the main—that is, justified to a

---

[3] One impairment the ALJ did not account for was Plaintiff's apparent illiteracy. This caused a discrepancy in the vocational expert's testimony because the jobs the vocational expert testified that Plaintiff was capable of performing in the national economy all required English literacy.

[4] Defendant's opposition brief offers two different figures for the amount of time Plaintiff spent researching and drafting the confidential letter brief: 17.1 hours and 13.7 hours. (Opposition Brief 6:28-71 ("Accordingly, the 17.1 duplicative hours spent on drafting Plaintiff's confidential letter brief should not be compensated"), 7:11-13 ("counsel should not be permitted to charge the government for time she spent preparing the confidential letter brief (6.50+7.20 hours @ $190.28/hour).").) The Court will use 13.7 because that number appears to be based on the supporting declaration Plaintiff filed with the motion. It is unclear how Defendant arrived at the 17.1 figure.

degree that could satisfy a reasonable person.'" *Id.*, *quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis in both law and fact.'" *Id.*, *citing Pierce v. Underwood*, 487 U.S. at 565. "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.*, *citing Hardisty v. Astrue*, 592 F. 3d 1072, 1077 (9th Cir. 2001). If the government's underlying agency action was not substantially justified, it is not necessary to address whether the government's litigation position was justified. *Id.* at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified.").

Defendant argues that the government's position was substantially justified because Plaintiff did not raise the issue that eventually justified the remand before the ALJ. Thus, the argument goes, the ALJ *could have been* substantially justified in her findings, even if she arrived at the wrong conclusion, because she simply never had the opportunity to consider the issue of the vocational expert's testimony. Defendant cites an unpublished case in support of this argument. Defendant also points to several points in the ALJ's decision that the Court found were supported by substantial evidence.

Defendant's argument is not persuasive. First, it assumes that the ALJ is entirely reliant on Plaintiff to bring every potential issue before her during a hearing. As the Court has previously found, however, the ALJ has an independent duty to "investigate the facts and develop the arguments both for and against granting benefits." (Remand Order 10:10-11, ECF No. 26, *quoting Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).) In the order remanding the case, the Court concluded that the failure to address the vocational expert issue, even without an objection during the hearing, constituted a manifest injustice. It is difficult to see how the ALJ could be substantially justified in her position if her position relied on the something that was manifestly unjust. *Cummings v. Starbucks Corp.*, Case No. CV-12-06345-MWF (FFMx), 2014 WL 12597110, at *3 (C.D. Cal. May 27, 2014) ("A 'manifest injustice' is defined as 'an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.'").

1    Second, the unpublished case Defendant cites in support of her argument does not
2    demonstrate that the ALJ was substantially justified in her decision. The case, *Harshaw v.
3    Colvin*, 616 Fed.Appx. 316 (9th Cir. 2015) (unpublished), merely stands for the proposition that
4    a plaintiff may waive an issue on appeal if it is raised for the first time at the district court level.
5    While such a proposition might justify Defendant's litigation strategy in the current case, it
6    does not show that the underlying agency action—the ALJ's decision—was substantially
7    justified. And, of course, the case is not binding authority because it is unpublished. CTA9
8    Rule 36-3 ("Unpublished dispositions and orders of this Court are not precedent, except when
9    relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.");
10   *see also Hart v. Massanari*, 266 F.3d 1155, 1178 (9th Cir. 2001) (an unpublished opinion "is
11   not written in a way that will be fully intelligible to those unfamiliar with the case, and the rule
12   of law is not announced in a way that makes it suitable for governing future cases").

Defendant also argues that the ALJ's decision was substantially justified because the Court found in Defendant's favor on at least one of the issues Plaintiff raised on appeal.[5] Once again, however, this fact only shows that Defendant's litigation strategy was correct in opposing Plaintiff on this issue; it does not show that the ALJ's decision below was substantially justified as a whole. The ALJ was undoubtedly correct on many issues that did not form part of Plaintiff's argument on appeal. But the fact that the ALJ got one issue right does not mean that she was substantially justified in getting another wrong.

Defendant has not carried her burden of showing that the underlying administrative agency decision was substantially justified. Thus, the analysis ends here and attorney fees will be granted. The Court will next consider the amount of those fees.

### 2. *Reasonability of the fees sought.*

Under the EAJA, attorney fees paid must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). The amount of the fee must be

---

[5] Plaintiff contended that the ALJ erred by ignoring diagnoses of PTSD and major depressive disorder in formulating Plaintiff's RFC. The Court rejected this argument and found that there was inadequate evidence in the record to conclude that Plaintiff's PTSD and major depressive disorder would cause any functional limitations that would need to be included in the RFC.

5

determined based on the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). To make this determination, courts should apply the "lodestar" method to determine what constitutes reasonable attorney's fees. *Id*. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Id*. at 433. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Id*. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S. 1035 (1990). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434, *quoting Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir. 1980) (en banc). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

                i.        <u>Hourly rates</u>

Plaintiff requests $190.28 per hour for the 15.75 hours spent by counsel in 2015 and $192.68 for the 20.50 hours spent in 2016 and 2017. The Ninth Circuit Court of Appeals has established rates for attorney fees at $190.28 for 2015 and $192.68 for 2016 and 2017. These rates are the applicable statutory maximum hourly rates under EAJA for attorney work performed in those years, adjusted for increases in the cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) (approving of the prescribed EAJA rate, which includes increases tied to the consumer price index); CTA9 Rule 39-1 ("In computing the applicable

hourly rate under the Equal Access to Justice Act, adjusted for cost-of-living increases, counsel should be aware of the formula set forth in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005)."). Defendant does not object to the hourly rate. The Court will apply Plaintiff's requested rate.

### ii. Number of hours billed

The Court has examined the billing records and has considered Defendant's arguments. In general, the Court defers to the prevailing lawyer's professional judgment when awarding attorney's fees. *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012). "'Lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.'" *Id., quoting Moreno*, 534 F.3d at 1112. Plaintiff is not precluded from charging for time spent preparing the confidential letter brief. Even if some duplication of efforts occurred, minor duplicative effort, by itself, does not justify a reduction of a fee award. *Niemi v. Colvin*, Case No. 3:15-cv-05658-KLS, 2016 WL 6084939, at *3 (W.D. Wash. Oct. 18, 2016), *citing Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("the vicissitudes of the litigation process will require lawyers to duplicate tasks . . . [f]indings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much."). A review of the records reveals that the number of hours billed, including the reply brief in the instant motion, is reasonable. The Court also finds Plaintiff is entitled to $7.85 in costs.

**C.     The Proper Payee Under the EAJA**

Plaintiff's counsel requests that the fees be paid to Plaintiff and sent to Plaintiff's counsel. If Plaintiff owes no qualifying debt to the government, then Plaintiff's counsel asks that the fees be paid directly to Plaintiff's counsel. Defendant agrees with this approach, although she conditions the delivery of payment directly to Plaintiff's counsel on a discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.[6]

---

[6] The relevant portion of the Anti-Assignment Act is 31 U.S.C. § 3727(b), which provides, in part: "An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may

Defendant's position is a reasonable one and Plaintiff does not object to it in his reply brief. The EAJA fee award shall be made payable to Plaintiff for a determination of whether Plaintiff owes a government debt. If Plaintiff does not owe a government debt, payment may be made directly to Plaintiff's counsel pursuant to Plaintiff's assignment should the government waive the requirements of the Anti-Assignment Act.

**III.    ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Attorney Fees (ECF No. 28) is GRANTED.  Plaintiff's counsel is awarded fees in the amount of $6,946.85, and $7.85 in costs;
2. This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), and mailed to counsel's office at Newel Law, 352 24th Street, Oakland, California 94612; and
3. If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the fee award may be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of his interest in the fee award.

IT IS SO ORDERED.

Dated:    **May 3, 2017**                                 /s/ Eric P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE

---

acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged . . . " Thus, assignment of Plaintiff's award to Plaintiff's counsel would only be possible if these requirements were waived, even if the Plaintiff agreed to assign any award to Plaintiff's counsel in a retainer agreement with Plaintiff's counsel.